IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

JAN 09 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

TYRONE WILLIAM HOLLAND,

Plaintiff,

v.

GARRY L. McFADDEN, Sheriff of Mecklenburg County, in his official capacity;

MECKLENBURG COUNTY,

Defendants.

## COMPLAINT

(42.S.C. § 1983)

### I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to the claims occurred in Mecklenburg County, North Carolina.

### I. PARTIES

Plaintiff Tyrone William Holland is a citizen of the United States and currently resides in the State of Maryland.

Defendant Garry L. McFadden is the Sheriff of Mecklenburg County and is sued in his official capacity. He is responsible for the policies, practices, and supervision of the Mecklenburg County Sheriff's Office, including enforcement of the sex offender registry.

Defendant Mecklenburg County is a political subdivision of the State of North Carolina and is responsible for the customs, policies, and practices of the Sheriff's Office relating to sex offender registration.

### II. FACTUAL ALLEGATIONS

On September 28, 2015, Plaintiff was released from a Georgia prison and was traveling to Maryland.

While en route, Plaintiff stopped in Charlotte, North Carolina to visit his mother.

Plaintiff remained in North Carolina for nine (9) days and did not establish residence.

On September 29, 2015, Plaintiff voluntarily went to the Mecklenburg County Sheriff's Office to inform officials of his presence and to ask whether he was legally required to register as a sex offender for a short visit.

Plaintiff was informed by a Sheriff's Office employee, Trishawn Cherry, that he was required to register.

Relying on this official representation, Plaintiff was processed in giving this official his mother's address, and placed on the Mecklenburg County Sex Offender Registry.

Plaintiff was instructed that upon leaving North Carolina, he was required to return to the Sheriff's Office and report his departure.

Plaintiff complied with all instructions and left North Carolina within nine days.

Plaintiff never established residence in North Carolina and was never present in the State for fifteen (15) days.

Under N.C. Gen. Stat. § 14-208.7, Plaintiff was not legally required to register as a sex offender in North Carolina.

Despite Plaintiff's departure and lack of statutory obligation, Defendants continued to list Plaintiff on the Mecklenburg County Sex Offender Registry.

While residing in Maryland, Plaintiff applied for employment and learned through a background check that he remained listed on the North Carolina registry.

Plaintiff repeatedly contacted the Mecklenburg County Sheriff's Office and the Mecklenburg County District Attorney's Office seeking removal.

Plaintiff was repeatedly told that he was required to remain on the registry for ten (10) years and would then have to petition a court for removal.

Plaintiff has not been in the state of North Carolina since 2015 and has not returned to the State in over ten years.

Defendants have refused to remove Plaintiff from the registry despite having notice that: a. Plaintiff never met the statutory criteria for registration; and

b. Defendants lacked legal authority to impose or continue registration.

Plaintiff remains publicly listed on the registry solely due to Defendants' actions.

Defendants' conduct has caused Plaintiff ongoing injury, including loss of employment opportunities, reputational harm, emotional distress, and deprivation of liberty.

### III. CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Due Process)

Plaintiff realleges paragraphs 1–24.

Defendants acted under color of state law.

Defendants deprived Plaintiff of liberty and property interests protected by the Fourteenth Amendment.

Plaintiff was placed and maintained on the sex offender registry without statutory authority, notice, or a meaningful opportunity to be heard.

Defendants' actions were arbitrary, capricious, and conscience-shocking.

Plaintiff's continued listing constitutes a continuing violation, renewing daily.

The constitutional violations resulted from Defendants' official policies, customs, and practices, including: a. Registering non-resident visitors who had not met the statutory 15-day threshold;

b. Maintaining unlawful registrations after notice;

c. Failing to provide any procedure for correction or removal;

d. Treating unlawful registrants as subject to mandatory multi-year registration.

As a direct and proximate result, Plaintiff has suffered damages.

### IV. DAMAGES AND MONETARY LIABILITY

Plaintiff has suffered actual and compensable injuries, including:

Loss of employment opportunities due to registry status;

Public stigma and reputational harm;

Emotional distress, anxiety, and humiliation;

Loss of liberty caused by unlawful governmental restraint;

Time and expense attempting to correct Defendants' actions.

Plaintiff seeks compensatory damages in an amount to be determined by the jury.

Plaintiff seeks nominal damages for violation of constitutional rights.

Plaintiff seeks declaratory relief declaring Defendants' actions unconstitutional and void.

Plaintiff seeks injunctive relief requiring Defendants to: a. Remove Plaintiff from the Mecklenburg County Sex Offender Registry;

b. Correct all public and internal records;

c. Cease enforcement of unlawful registration practices.

Plaintiff seeks costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## V. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory and nominal damages;

C. Grant declaratory and injunctive relief;

D. Award costs and attorney's fees; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Tyrone William Holland

Plaintiff, Pro Se

1403 Kingsway Rd.

Baltimore, Maryland 21218

(571)234-2098

tyholland1969@yahoo.com

November 30th, 2025